Gerald Martin ZELMANOWITZ, a/k/a Paul Maris, and Lillian Zelmanowitz, a/k/a Lillian Maris, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 79–4103.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 1980.

Decided Dec. 30, 1980.

M. Carr Ferguson, Asst. Atty. Gen., James A. Riedy, Atty., Washington, D.C., for defendant–appellant.

Gerald Martin Zelmanowitz, pro se.

Before GOLDBERG *, Senior Circuit Judge, and WRIGHT and BOOCHEVER, Circuit Judges.

BOOCHEVER, Circuit Judge:

Gerald and Lillian Zelmanowitz brought suit against the United States for abatement of a penalty tax assessed against them for executing allegedly false certificates of prior American ownership of foreign stock. Gerald Zelmanowitz used the certificates to qualify his sales of foreign stock under an exclusion to the interest equalization tax ("IET") which was then in effect. The district court granted partial summary judgment in favor of the Zelmanowitzs on this issue. Because the plain language of the Internal Revenue Code then in effect did not cover the Zelmanowitzs' transactions, we affirm.

During the period from 1965 to 1967, Gerald Zelmanowitz was heavily involved in "arbitrage," whereby he purchased foreign stocks and immediately resold them in New York, taking advantage of slightly higher American prices. Because this kind of activity had a detrimental effect on the balance of payments between the United States and foreign countries, Congress passed the Interest Equalization Tax Act of 1964, Pub.L.No. 88–563, 78 Stat. 809 (1964), to discourage it. See [1964] U.S.Code Cong. & Ad.News 3478–3557. The Act was repealed by the Tax Reform Act of 1976, Pub.L. 94–455 § 1904, 90 Stat. 1520 (1976). The operative section of the Act, which during the time the Act was effective was codified as I.R.C. § 4911, imposed a fifteen percent excise tax on the actual value of all acquisitions of a foreign issuer's stock by a "United States person." A section of the Act, codified at I.R.C. § 4918(a) provided for an IET exclusion if "the person from whom such stock . . . was acquired was a United States person throughout the period of his ownership . . . ." Zelmanowitz was charged with a penalty tax arising out of his attempts to qualify for this "prior American owner" exclusion because he provided his broker with signed but otherwise blank forms indicating that he was an American owner.

At the time of the transactions involved in this appeal, a buyer qualifying under the exclusion only had to provide the Government with a signed certificate (Form 3625) indicating that the seller was a United States person. The codified version of the Act provided in I.R.C. § 6681(a) that "any person who willfully executes a certificate of American ownership . . . which contains a misstatement of material fact shall be liable to a penalty equal to 125 percent of the amount of tax imposed by section 4911 . . . ." After unsuccessfully attempting to collect the actual interest equalization tax and a fifty percent fraud penalty Zelmanowitz allegedly owed as a result of his acquisitions, the Government charged him with a 125 percent penalty under section 6681, calculated on the basis of his own purchase records for the fourth quarter of 1965 through the first quarter of 1967.[1]

---

* The Honorable Irving L. Goldberg, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

1. In addition to the grounds discussed in this opinion, we note that the two blank 3625 forms seized from Zelmanowitz and relied on by the Government were never used in any transactions, and therefore could not be the basis for a penalty on the "tax imposed by section 4911."

The Government, in effect, argues that by providing his buyers with signed 3625 forms alleging American ownership, Zelmanowitz was impliedly stating that he had already paid the IET owed as a result of his initial purchases from foreign corporations. However, in signing the forms, the only explicit assertion Zelmanowitz made was that he was a United States person, a fact which is uncontroverted. All that was required under section 4918(a) as it was first enacted in the 1964 Act was that the seller be "a United States person eligible to execute a certificate of American ownership . . . ." In contrast, the section 6681 penalty was intended to operate against one who purchased securities from a foreigner and submitted Form 3625 with a false allegation that the seller was an American.

Prior to 1967, there was no indication that it was considered materially false for a United States person to execute Form 3625 merely because he or she had not paid the IET. Such an interpretation was not possible until section 4918(a) was amended in 1967 to state that the exclusion was only available if "such person had paid the tax imposed by section 4911 [upon earlier acquisition] . . . ." [2] The legislative history of this amendment clearly indicates that it represented an abrupt change from prior procedure, designed to stop what Congress perceived as widespread evasion of the IET. [1967] U.S.Code Cong. & Ad.News 1414, 1452–84. Because all of Zelmanowitz's transactions in issue on this appeal took place prior to the effective date of this 1967 amendment, it is immaterial that Zelmanowitz may not have paid the IET when he executed the blank forms. The plain language of the section 6681 penalty did not cover Zelmanowitz's transactions, and this is not a case which would justify straining the statutory language. [3]

AFFIRMED.

---

2. Interest Equalization Tax Extension Act of 1967, Pub.L. 90–59 § 4(a), 81 Stat. 145 (1967), effective to transactions occurring after July 14, 1967. The Government based its penalty assessments on Zelmanowitz's own records, which only covered the period through March 31, 1967.

3. Zelmanowitz's activities and mode of operation indicate that it is possible that he was evading the IET. If so, the Government's remedies lay in collecting the past due tax plus a possible penalty for fraud, see I.R.C. § 6653, a fine under former I.R.C. § 6680, or a penalty for willful failure to pay a tax, I.R.C. § 7203. The Government agreed to hold Zelmanowitz immune from criminal liability in exchange for his cooperation in an investigation of organized crime. The Government apparently could not prove a case justifying a civil penalty.

We note that the 1967 amendments made it more difficult to evade the IET. Not only was a requirement of prior IET payment added to the American owner exclusion of section 4918(a), but the entire certification scheme based on Form 3625 was replaced by Treasury Department certification. Pub.L. 90–59, 81 Stat. 153 (1967).